# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Ivan Cox, Jr.,<br><br>    Plaintiff,<br><br>vs.<br><br>Nancy A. Berryhill, Acting,<br>Commissioner of Social Security,<br><br>    Defendant. | Civil Action No. 6:17-2906-RMG<br><br>**ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying him Disability Insurance Benefits ("DIB"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on January 2, 2019, recommending that the Commissioner's decision be affirmed. (Dkt. No. 20). Plaintiff filed objections to the R & R, and the Commissioner filed a reply (Dkt. Nos. 25, 27).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of

−1−

Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

## Discussion

Plaintiff, who was 51 years old at the time of his amended onset date of October 11, 2010 and 53 years old on his date last insured of December 31, 2012, appeals from the decision of the Administrative Law Judge ("ALJ") of August 2, 2017 denying his claim of disability. Tr. 352-63. The ALJ found that although Plaintiff had severe impairments of obesity and degenerative joint disease of the wrists and right knee, he retained during the period relevant to his DIB claim the residual functional capacity ("RFC") to perform less than the full scope of light work, which included an accommodation for a sit/stand option at will for 15 minutes each working hour. Tr. 356-57. A vocational expert testified that there existed jobs in significant numbers in the national economy Plaintiff could perform with the ALJ's RFC. Tr. 382-84. Plaintiff has filed objections to the R & R, arguing that the record fails to provide substantial evidence to support

Plaintiff's capacity to "stand and walk for a full work day." (Dkt. No. 25 at 1).

The record includes a thorough physical examination of a consulting orthopaedic surgeon, Dr. Mason Ahearn, conducted on March 13, 2013. Dr. Ahearn documented Plaintiff's complaints of right knee pain but noted his gait was normal, he was able to perform a full squat, and his joint was stable with a full range of motion. He concluded the Plaintiff was capable of performing sedentary and light work. Tr. 319-21. Two chart reviewing physicians also opined that Plaintiff was capable of performing light work. Tr. 91-93, 104-08. Plaintiff's treatment notes during the period from Plaintiff's onset date of October 11, 2010 until his date last insured of December 31, 2012 focused primarily on issues surrounding Plaintiff's wrists with only limited treatment or concern regarding his right knee. For instance, in the treatment note of July 24, 2012, Plaintiff presents with a swollen knee for a week, indicating he had injured it while doing some work at home. Tr. 300. He was given antibiotics to treat a suspected infectious process. Upon return on August 28, 2012, the treatment notes "knee better" and responded to the prescribed antibiotic. Tr. 299.

The record further contains a check list report on December 11, 2013 from Dr. Curtis Mull, an orthopaedic surgeon, who indicated that Plaintiff's capacity to stand was limited to four hours per work day and Plaintiff could sit for six hours per work day. He further indicated that Plaintiff would require the option of sitting every 60 minutes. Tr. 325. The ALJ gave "little weight" to the limitations on standing, noting there was no treatment records from Dr. Mull, and his conclusions were inconsistent with other record evidence on this issue. The ALJ further noted that the report was issued nearly a year after the date last insured. Tr. 360.

It is well-settled that a medical record outside the relevant time period may be given

retrospective consideration if there is "linkage" to the prior medical condition of the patient. *Bird v. Commissioner of Soc Sec. Admin.*, 699 F.3d 337, 340-41 (4th Cir. 2012). Plaintiff had certainly complained of previous knee pain and challenges with sustained walking, but Dr. Mull's report suggested a level of impairment not really consistent with the earlier medical assessments and treatment. A reasonable inference from this difference is that Plaintiff's condition worsened subsequent to his date last insured, which is borne out by later medical records and Plaintiff's testimony at the 2017 administrative hearing. Tr. 375, 561, 565. Another reasonable inference is that the body of other evidence in the record provided a more reliable and accurate account of Plaintiff's impairments during the relevant time period. In other words, while there might be different interpretations of the medical record in this case by fair minded reviewers, there is substantial evidence to support the findings of the ALJ regarding Plaintiff's capacity to perform light work.

The Magistrate Judge, after writing a careful and detailed analysis of the relevant record in his R & R, similarly concluded that there is substantial evidence in the record to support the findings of the Commissioner. Under such circumstances, the Court is obligated to affirm the decision of the Commissioner. Therefore, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 20) as the order of this Court and **AFFIRMS** the decision of the Commissioner.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

February 17, 2019
Charleston, South Carolina